[No. G044482. Fourth Dist., Div. Three. Sept. 20, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN STUART MOSES, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Statement of Facts and Procedural History, and parts I. and II. of the Discussion.

**COUNSEL**

Wallin & Klarich and Stephen D. Klarich for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lilia E. Garcia and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FYBEL, J.—**

### SUMMARY OF CONCLUSIONS, HOLDING, AND REASON FOR PUBLICATION

Defendant John Stuart Moses was convicted of a single count of violating Penal Code section 288, subdivision (a). He challenges his conviction, and

many of the probation conditions imposed by the trial court. We conclude substantial evidence showed defendant acted with the specific intent to gratify his own or the victim's sexual desires, and the trial court did not err in modifying the standard jury instruction on unanimity.

We hold that several of the probation conditions are unconstitutionally overbroad because they fail to adequately inform defendant whether his conduct will comply with the probation conditions. We direct the trial court to modify those probation conditions to include a knowledge requirement, and to strike certain other probation conditions. We publish this portion of the opinion because each of the probation conditions we are directing the trial court to modify or strike is part of a four-page, preprinted form of probation conditions used in the Orange County Superior Court, apparently since 2003, entitled "Superior Court of California, County of Orange Sex Offender Terms and Conditions of Probation-Addendum." The superior court should modify that form to comply with constitutional mandates and to avoid further repetitive, successful challenges to its probation conditions.

STATEMENT OF FACTS AND PROCEDURAL HISTORY[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I., II.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.

*SHOULD CERTAIN PROBATION CONDITIONS BE MODIFIED OR STRICKEN?*

Defendant challenges a number of the probation conditions imposed.[4] Without conceding any of the conditions are constitutionally improper, the Attorney General agrees that many of the modifications in language requested

---

[*] See footnote, *ante*, page 374.

[4] Defendant acknowledges that he did not object to the imposition of any of those probation conditions in the trial court, but argues he is nevertheless permitted to challenge probation conditions as unconstitutionally vague and overbroad when the challenge involves a pure question of law and the unconstitutionality may be remedied without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 [55 Cal.Rptr.3d 716, 153 P.3d 282].) The Attorney General does not contest defendant's right to challenge the probation conditions on appeal.

by defendant are appropriate, and that two of the conditions imposed should be stricken. As set forth in the disposition, we direct the trial court to add a knowledge requirement to many of its standard probation conditions, and to strike other conditions.

### A. *Probation Condition No. 22*

As imposed, probation condition No. 22 reads: "Do not own, use, or possess any form of sexually explicit movies, videos, material, or devices unless recommended by the therapist and approved by the probation officer. Do not frequent any establishment where such items are viewed or sold, and do not utilize any sexually oriented telephone services." Defendant argues this probation condition is unconstitutionally vague because it fails to inform him in advance whether his conduct comports with or violates his probation. (*In re Sheena K., supra,* 40 Cal.4th at p. 890; *In re Victor L.* (2010) 182 Cal.App.4th 902, 913 [106 Cal.Rptr.3d 584].) The Attorney General agrees that the condition should be modified to include a knowledge requirement. We direct the trial court to modify the condition to explicitly include such a knowledge requirement.

Defendant also asks that the term "devices" be stricken from the probation condition, because the word "devices" in the context of sexually explicit material is vague. We disagree. The phrase "sexually explicit . . . devices" is not so imprecise that defendant will be unable to determine whether he is in compliance with the terms of his probation. (See *People v. Turner* (2007) 155 Cal.App.4th 1432, 1437 [66 Cal.Rptr.3d 803] [prohibition on possession of " 'sexually stimulating/oriented material' " was not vague or overbroad].)

### B. *Probation Condition No. 24*

Probation condition No. 24 reads: "Do not associate with minors or frequent places where minors congregate, including but not limited to: schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, knows of your offense(s), and is willing to monitor your behavior." Defendant argues this probation condition, too, is unconstitutionally vague because it lacks a knowledge requirement; the Attorney General agrees. We direct the trial court to modify this condition to include a knowledge requirement.

Defendant also argues this probation condition is unconstitutionally vague because it does not define the word "minor," and because other probation conditions refer to persons under the age of 18. Defendant contends the use of different terms will lead to confusion. The Legislature has

repeatedly defined the term "minor" as a person under 18 years of age. (See Pen. Code, §§ 243.4, subd. (g)(6), 261.5, subd. (a), 272, subd. (a)(2), 313, subd. (g); Fam. Code, § 6500; Welf. & Inst. Code, § 101, subd. (b).) We conclude the probation condition is not vague in this respect. We would encourage the trial court, however, to conform the terms used in its probation conditions, and to use either references to "minors" or references to "persons under the age of 18," but not both, to avoid challenges such as this in the future.

### C. *Probation Conditions Nos. 6 and 29*

Probation condition No. 6 provides: "Do not be an employee of, nor participate in, nor reside in or at, nor derive any money or other form of consideration from any modeling, escort, massage, or sauna operation or business, or any outcall operation or business, or any acupressure or acupuncture operation or business." Probation condition No. 29 provides: "Do not reside with any person under the age of eighteen, including but not limited to your natural children, stepchildren, or any child with whom you have a parenting, guardianship or supervisory relationship, unless approved in advance and in writing by your probation officer." Defendant argues both of these probation conditions are unconstitutionally vague because they lack a knowledge requirement; the Attorney General again agrees. We direct the trial court to modify these conditions to include a knowledge requirement.

### D. *Probation Condition No. 30*

Probation condition No. 30 reads: "Do not date or marry anyone who has children under the age of eighteen, unless approved in advance and in writing by the probation officer." Defendant argues this probation condition is unconstitutionally vague because it, too, lacks a knowledge requirement. The Attorney General again agrees that a knowledge requirement should be a part of this probation condition. We, too, agree, and direct the trial court to modify the condition accordingly.

■ Defendant also argues this probation condition is unconstitutionally overbroad because it violates his constitutional right to marry (*Loving v. Virginia* (1967) 388 U.S. 1, 12 [18 L.Ed.2d 1010, 87 S.Ct. 1817]), without being narrowly tailored to meet the goals of public safety and rehabilitation of defendant (*People v. Smith* (2007) 152 Cal.App.4th 1245, 1250 [62 Cal.Rptr.3d 316]; *In re White* (1979) 97 Cal.App.3d 141, 146 [158 Cal.Rptr. 562]). Defendant asks that the condition be modified to include language "regulating a review of the probation officer's denial of [defendant]'s request to get married to someone who has children under the age of eighteen." (The Attorney General does not address this argument.) Because the probation

condition, as written, violates the right to marry, we direct the trial court to strike the phrase "or marry" from probation condition No. 30.

### E. *Probation Conditions Nos. 3 and 11*

Probation conditions Nos. 3 and 11 provide, respectively, "[a]s a pedestrian, do not be in contact with occupants in vehicles of any city in Orange County," and "[w]hile in a vehicle on a public street or highway, do not be in contact with pedestrians." Defendant contends these probation conditions impermissibly interfere with his freedom of movement. (*In re White, supra,* 97 Cal.App.3d at pp. 148–149.)

Defendant also argues imposition of these probation conditions will lead to absurd results, such as being unable to take public transportation due to an inability to communicate with a bus driver, or the inability to provide necessary insurance information if defendant is involved in an automobile accident.

The Attorney General agrees that these probation conditions should be stricken. These probation conditions are overly broad, as they prohibit otherwise legal activities and have no relationship to the crime of which defendant was convicted. (*People v. Norris* (1978) 88 Cal.App.3d Supp. 32, 41–42 [152 Cal.Rptr. 134].) We direct the trial court to strike probation conditions Nos. 3 and 11.

### F. *Probation Conditions Nos. 8 and 9*

■ Probation conditions Nos. 8 and 9 prohibit hitchhiking: "Do not hitchhike and do not accept rides from any motorist on any street, highway, or other place open to the public," and "[d]o not pick up hitchhikers or otherwise give rides to pedestrians." As with probation conditions Nos. 3 and 11, defendant argues probation conditions Nos. 8 and 9 interfere with his freedom of movement, and prohibit otherwise legal conduct. Courts of this state have held that probation conditions proscribing hitchhiking are not unconstitutionally overbroad. (See *In re White, supra,* 97 Cal.App.3d at pp. 147, 151.) More importantly, these probation conditions are tailored to prevent further violations by defendant. Given the nature of the crime for which defendant was convicted, it is reasonable to restrict him from opportunities to be in a car alone with a minor; preventing defendant from hitchhiking or giving rides to hitchhikers furthers this goal.

### G. *A Probation Condition Imposed Orally but Not Included in the Minute Order Must Be Added.*

Defendant notes that the trial court orally imposed a probation condition that he "not associate with persons known to you to [be] parolees, convicted

felons, users or sellers of illegal drugs or otherwise disapproved by probation." This condition is not reflected in the court's minute order. At defendant's request, we direct the trial court to correct the minute order to conform with the oral pronouncement of judgment (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 [121 Cal.Rptr.2d 603, 48 P.3d 1155]), and we further direct the trial court to modify the language of this probation condition to include persons defendant knows *or reasonably should know* to be within the classification of those with whom his association is prohibited.

### H. *The Standard Probation Conditions Should Be Modified.*

All of the challenged probation conditions were drawn directly from a four-page form entitled "Superior Court of California, County of Orange Sex Offender Terms and Conditions of Probation—Addendum"; the footer on the form identifies it as a "Mandatory Local Form" and states it was revised "6/5/03," more than eight years ago. The Superior Court of the State of California for the County of Orange should modify the standard probation conditions form to comply with constitutional mandates. Particularly with respect to terms and conditions that require a knowledge element, it has unfortunately become routine for us to address the need for modification of the probation conditions on appeal.

In *People v. Patel* (2011) 196 Cal.App.4th 956, 960 [126 Cal.Rptr.3d 855], the Court of Appeal, Third Appellate District, expressed its frustration with such routine challenges to probation conditions lacking a knowledge requirement: "In the interests of fiscal and judicial economy, we are compelled to address the repetitive nature of this appellate issue. Since at least 1993, appellate courts have issued opinions consistently holding that conditions of probation must include scienter requirements to prevent the conditions from being overbroad. [Citations.] However, with dismaying regularity, we still must revisit the issue in orders of probation, either at the request of counsel or on our own initiative. The latter in particular is a drain on the public fisc that could be avoided if the probation departments at fault would take greater care in drafting proposed probation orders. [¶] We recognize that [*In re*] *Victor L., supra,* 182 Cal.App.4th at page 913 and [*People v.*] *Garcia* [(1993)] 19 Cal.App.4th [97,] 102 [23 Cal.Rptr.2d 340] rejected the People's argument that modification was unnecessary because scienter was a necessary implication, given that probation violations must be willful (*Garcia* merely asserting the 'importance' of protecting constitutional rights, and *Victor L.* expressing concern with leaving a probationer otherwise subject to an 'arbitrary or mean-spirited' probation officer's abuse). However, there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter. As with contracts generally, this should

be considered a part of the conditions of probation ' "just as if [this was] expressly referred to and incorporated." ' [Citation.] We also do not discern how addressing this *specific* issue on a repetitive case-by-case basis is likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer. As a result, we reject the conclusions reached in *Victor L.* and *Garcia,* and now give notice of our intent to henceforth no longer entertain this issue on appeal, whether at the request of counsel or on our own initiative. We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement."

While we, too, could declare that a knowledge requirement shall be read into all probation conditions, we instead choose to modify and strike certain challenged probation conditions in this case and by this opinion state that the superior court should revise its standard probation conditions form to meet constitutional requirements.

DISPOSITION

We direct the trial court to modify its minute order and defendant's probation conditions as follows:

1. Strike probation condition No. 3.

2. Modify probation condition No. 6 to read: "Do not be an employee of, nor participate in, nor reside in or at, nor derive any money or other form of consideration from, what you know or reasonably should know to be any modeling, escort, massage, or sauna operation or business, or any outcall operation or business, or any acupressure or acupuncture operation or business."

3. Strike probation condition No. 11.

4. Modify probation condition No. 22 to read: "Do not own, use, or possess any form of sexually explicit movies, videos, material, or devices unless recommended by the therapist and approved by the probation officer. Do not frequent any establishment where you know or reasonably should know such items are viewed or sold, and do not utilize any telephone services you know or reasonably should know to be sexually oriented."

5. Modify probation condition No. 24 to read: "Do not associate with any persons you know or reasonably should know to be minors, or frequent

places where you know or reasonably should know minors congregate, including but not limited to: schoolyards, parks, amusement parks, concerts, playgrounds, swimming pools, and arcades, unless in the company of a responsible adult over the age of 21 who is approved by the probation officer or court, knows of your offense(s), and is willing to monitor your behavior."

6. Modify probation condition No. 29 to read: "Do not reside with any person you know or reasonably should know to be under the age of 18, including, but not limited to, your natural children, stepchildren, or any child with whom you have a parenting, guardianship, or supervisory relationship, unless approved in advance and in writing by your probation officer."

7. Modify probation condition No. 30 to read: "Do not date anyone who you know or reasonably should know has children under the age of 18, unless approved in advance and in writing by the probation officer."

We further direct the trial court to modify its minute order to include the following probation condition: "You are not to associate with persons you know or reasonably should know to be parolees, convicted felons, users or sellers of illegal drugs, or otherwise disapproved by the probation officer."

All other probation conditions shall remain. As so modified, the judgment is affirmed.

Aronson, Acting P. J., and Ikola, J., concurred.