Filed 2/26/13  P. v. Barriga CA6

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS BARRIGA,<br><br>    Defendant and Appellant. | H037613<br>(Monterey County<br> Super. Ct. No. SS111869A) |

In this appeal appellant challenges as vague a probation condition that requires him to "[t]otally abstain from the use of alcoholic beverages, not purchase or possess alcoholic beverages, and stay out of places you know alcohol to be the main item of sale."  Appellant urges this court to modify the first part of the condition to include a knowledge requirement.

Even though appellant did not object to the condition at issue when it was imposed, the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888–889 (*Sheena K.*).)

For reasons that follow we modify the challenged probation condition, which is designated probation condition "8" in the probation officer's report and the minute order from the sentencing hearing.

The facts underlying appellant's conviction are not relevant to this appeal. We note, however, that pursuant to a negotiated disposition appellant pleaded no contest to one count of assault with force likely to cause great bodily injury. In exchange for his no contest plea appellant was promised felony probation.

On November 9, 2011, at appellant's sentencing hearing, the court suspended imposition of sentence and placed appellant on probation on various terms and conditions including a 120 day county jail term. As noted, one of the conditions of probation as announced by the court requires appellant to "[t]otally abstain from the use of alcoholic beverages, not purchase or possess alcoholic beverages, and stay out of places you know alcohol to be the main item of sale."

Respondent argues that appellant has forfeited any challenge to this condition by failing to object when the condition was imposed. Respondent asserts that this court should limit the exception to the forfeiture rule found in *Sheena K*, *supra*, 40 Cal.4th at page 889, to cases in which only First Amendment rights are implicated. Respondent cites to no relevant authority to support this proposition.[1]

---

[1]     Respondent's reliance on *People v. Olguin* (2008) 45 Cal.4th 375 (*Olguin*), is misplaced. In *Olguin*, the Supreme Court considered a challenge to a probation condition that required the defendant to notify his probation officer of any pets that were present in the home. (*Id.* at p. 378.) The condition was challenged on various grounds such as not being reasonably related to future criminality, that it limited the defendant's fundamental rights, and was unconstitutionally overbroad. (*Ibid.*) The defendant invited the court to determine whether the condition was closely tailored to achieve its legitimate purpose of his rehabilitation and protection of the probation officer. The court refused to apply such close scrutiny in the absence of a showing that the probation condition infringed upon a constitutional right. The court noted that absent such a showing, the court simply reviewed such a condition for abuse of discretion. (*Id.* at p. 384.) Respondent seizes upon this to argue that the Supreme Court has recognized that not all probation conditions merit equal scrutiny. Nothing in *Olguin* invalidates the holding in *Sheena K*, *supra*, 40

2

Respondent argues that restricting challenges on direct appeal to probation conditions implicating First Amendment rights would not leave others without a remedy because of the opportunity to litigate the issue during revocation proceedings. We are not persuaded.

Alternatively, respondent invites this court to adopt the approach of the Third District Court of Appeal in *People v. Patel* (2011) 196 Cal.App.4th 956, 960-961. In that case, the Third District considered whether a probation condition ordering that the defendant not drink alcohol, possess it, or be in a place where it was the chief item of sale was invalid because it lacked a knowledge requirement. (*Id.* at p. 959.) The court expressed its frustration with the "dismaying regularity" with which "we still must revisit the issue in orders of probation" that do not include a qualification that the defendant must commit the proscribed conduct knowingly. (*Id.* at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*ibid.*), the *Patel* court announced that it would "no longer entertain this issue on appeal" (*ibid.*) and, moving forward, it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" (*ibid.*), without modifying a probation order that "fails to expressly include such a scienter requirement." (*Id.* at p. 961). In *People v. Moses* (2011) 199 Cal.App.4th 374, 381, the Fourth District declined to adopt the *Patel* approach, choosing instead to modify probation conditions to include a knowledge requirement.

---

Cal 4th 875. The fact that the Supreme Court believes that different levels of scrutiny are available for conditions that are challenged on reasonableness grounds does not support imposition of a forfeiture rule unless the condition implicates First Amendment rights. Appellant is not asking for a heightened level of constitutional scrutiny. Rather, he is asking that his due process rights be protected.

While we too are frustrated by how frequently this issue arises and, in these days of strained budgets, we agree that the interests of fiscal and judicial economy are critical, we decline to follow the Third District's approach in *Patel*. Our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal *that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional.*" (*Sheena K.*, *supra*, 40 Cal.4th at p. 892, italics added.) Until our Supreme Court rules differently, we will follow its lead on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121; *People v. Leon* (2010) 181 Cal.App.4th 943, 948 (*Leon*).) Nevertheless, probation conditions may be challenged on the ground of unconstitutional vagueness. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.]" (*Sheena K.,* at p. 890.)

We continue to adhere to the view that in order to pass constitutional muster, a requirement of knowledge should be included in some probation conditions prohibiting the possession or use of specified items. The law has no legitimate interest in punishing a probationer who has no knowledge that he is using or possessing a prohibited item. Knowledge requirements in probation conditions "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102.) Absent a requirement that a probationer know he is disobeying the condition, he is vulnerable, and unfairly so, to

4

punishment for unwitting violations of it.  (See *People v. Lopez, supra*, 66 Cal.App.4th at pp. 628–629.)

An appellate court is empowered to modify a probation condition in order to render it constitutional.  (*Sheena K., supra,* 40 Cal.4th at p. 892.)

In this case, we will modify probation condition "8" to include a knowledge requirement.

*Disposition*

The judgment is modified to reflect the following change to probation condition 8: "Totally abstain from the use of beverages you know, or reasonably should know, to be alcoholic; do not purchase or possess any beverage you know, or reasonably should know, to be alcoholic; stay out of places where you know, or reasonably should know, that alcohol is the main item of sale."  As so modified the judgment (order of probation) is affirmed."

 

 

 

_____

ELIA, J.

 

WE CONCUR:

 

 

_____

RUSHING, P. J.

 

 

_____

PREMO, J.