Filed 5/16/13  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ENRIQUE NUNEZ LOPEZ,<br><br>    Defendant and Appellant. | H038506<br>(Monterey County<br>Super. Ct. No. SS120252) |

Defendant Enrique Nunez Lopez appeals a judgment of conviction following his no contest plea to one count of unlawful possession of a firearm (Pen. Code, § 29815, subd. (a)),[1] and admission of a gang enhancement (§ 186.22, subd. (b)(1)).  On appeal, defendant asserts the court erred in imposing a probation condition that is vague and overbroad, because it does not include a scienter requirement.

### STATEMENT OF THE CASE[2]

In April 2012, defendant was charged by information with unlawful possession of a firearm (§ 29815, subd. (a); count 1), receiving or concealing stolen property (§ 496, subd. (a)). The information also alleged defendant committed the charged crimes for the

_____

[1]  All further statutory references are to the Penal Code.

[2]  The underlying facts are omitted because they are not relevant to the issues on appeal.

benefit of a street gang (§ 186.22, subd. (b)(1)), and that defendant was ineligible for a county jail commitment (§ 1170, subd. (h)(3)).

Defendant pleaded no contest to count 1, and admitted the gang enhancement. The court suspended imposition of sentence, and ordered defendant to serve three years of formal probation, with terms and conditions including that he not "use or possess intoxicants, narcotics, or other controlled substances without the prescription of a physician."

## DISCUSSION

Defendant asserts the trial court erred by imposing a probation condition that lacked a scienter requirement. "[P]robation is a privilege and not a right, and . . . adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . . [Citations.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 384.) However, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*) Generally, to pass constitutional muster, conditions that prohibit possession of specific items or association with certain persons must require that the probationer knowingly possess or associate. (E.g., *People v. Freitas* (2009) 179 Cal.App.4th 747, 752; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102.)

The Attorney General implicitly concedes that the condition does not expressly require knowledge but urges us to adopt the approach taken by the court in *People v. Patel* (2011) 196 Cal.App.4th 956. In that case, the Third Appellate District considered whether a probation condition ordering that the defendant not drink alcohol, possess it, or be in a place where it was the chief item of sale was invalid because it lacked a knowledge requirement. (*Id*. at p. 959.) The court expressed its frustration with the

2

"dismaying regularity" with which "we still must revisit the issue in orders of probation" that do not include a qualification that the defendant must commit the proscribed conduct knowingly. (*Id*. at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*ibid*.), the *Patel* court announced that it would "no longer entertain this issue on appeal" (*ibid*.) and, moving forward, it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" (*ibid*.), without modifying a probation order that "fails to expressly include such a scienter requirement." (*Id*. at p. 961, fn. omitted).

A number of the courts of appeal have declined to follow the rationale of *Patel*, including the Fourth Appellate District in *People v. Moses* (2011) 199 Cal.App.4th 374, 381, where the court chose to modify the probation conditions to include a knowledge requirement. We too decline to follow the Third Appellate District's approach in *Patel*. Our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*Sheena K., supra*, 40 Cal.4th at p. 892, italics added.) Until our Supreme Court rules differently, we will follow its lead on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Under the circumstances, we modify the probation condition to prohibit defendant from knowingly using or possessing intoxicants, narcotics, or other controlled substances without the prescription of a physician.

3

**DISPOSITION**

The judgment is modified and defendant's probation condition shall now be that he "not knowingly use or possess intoxicants, narcotics, or other controlled substances without the prescription of a physician."  As modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA J.

4