Filed 7/15/13  P. v. DeSantiago CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F064808 |
| v. | (Super. Ct. No. F11905362) |
| THOMAS DESANTIAGO, | **O P I N I O N** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Dale Ikeda, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Wiseman, Acting P.J., Levy, J., and Gomes, J.

Appellant, Thomas DeSantiago, pled no contest to inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)).

On March 27, 2012, the court suspended imposition of sentence and placed DeSantiago on probation for three years on condition he serve 180 days local time.

On appeal, DeSantiago contends two of his conditions of probation are overbroad. We find merit to this contention and modify the judgment accordingly. In all other respects we affirm the judgment as modified.

## DISCUSSION[1]

At DeSantiago's sentencing hearing the court imposed certain conditions of probation including the following: "the defendant is not to be in a gang or associate with any person who is in a gang as defined in Penal Code section 186.22(e) and (f). [¶] He's not to wear or possess any gang–related paraphernalia or indicia."

DeSantiago contends these two conditions are overbroad because they do not contain a knowledge element. We agree.

"In a variety of contexts, beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97 (*Garcia*), California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances. In *Garcia*, a probation condition prohibiting association with "'any felons, ex-felons, users or sellers of narcotics,'" [citation] was found to impinge on the probationer's 'constitutional right of freedom of association' and accordingly had to be narrowly drawn [citation]. [This court] rejected the contention that it was implicit that the condition would only be violated if the probationer knew of the other person's status, stating 'the rule that probation conditions

---

[1] The facts relating to DeSantiago's offense are omitted because they are not germane to the issue he raises.

2

that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication.' [Citation.]

"In *People v. Lopez* (1998) 66 Cal.App.4th 615 (*Lopez* ), [this court] applied [our] reasoning from *Garcia* to a condition stating in part that '"[t]he defendant is not to be involved in any gang activities or associate with any gang members"' [citation] and concluded that the association prohibition 'suffers from constitutionally fatal overbreadth because it prohibits Lopez from associating with persons not known to him to be gang members' [citation]. [This] court ordered the language modified to provide that '"Defendant is not to be involved in or associate with any person known to defendant to be a gang member."' [Citation.]" (*People v. Kim* (2011) 193 Cal.App.4th 836, 843-944 (*Kim*), fn. omitted.)

As explained in *Kim*, *supra*, 193 Cal.App.4th 836, "In [these] situations, an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all. And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs." (*Id.* at p. 845.)

The Attorney General implicitly concedes that the condition does not expressly require knowledge but urges us to adopt the approach taken by the court in *People v. Patel* (2011) 196 Cal.App.4th 956. In that case, the Third Appellate District considered whether a probation condition ordering that the defendant not drink alcohol, possess it, or be in a place where it was the chief item of sale was invalid because it lacked a knowledge requirement. (*Id.* at p. 959.) The court expressed its frustration with the "dismaying regularity" with which "we still must revisit the issue in orders of probation"

that do not include a qualification that the defendant must commit the proscribed conduct knowingly. (*Id.* at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*ibid.*), the *Patel* court announced that it would "no longer entertain this issue on appeal" (*ibid.*) and, moving forward, it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" (*ibid.*), without modifying a probation order that "fails to expressly include such a scienter requirement." (*Id.* at p. 961, fn. omitted).

In *People v. Moses* (2011) 199 Cal.App.4th 374, 381, the Fourth Appellate District declined to adopt the *Patel* approach, choosing instead to modify probation conditions to include a knowledge requirement. We too decline to follow the Third Appellate District's approach in *Patel.* Our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.) Until our Supreme Court rules differently, we will follow its lead on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Therefore, in accord with *Lopez*, *Garcia* and *Kim*, we conclude that the probation conditions at issue are overbroad and we will modify them to include a scienter requirement.

## DISPOSITION

The two conditions of probation complained of are modified to provide that DeSantiago is not to be in a gang or associate with any person known to DeSantiago to be in a gang as defined in Penal Code section 186.22, subdivisions (e) and (f) and that he is

4

not to wear or possess any item known to him to be gang–related paraphernalia or indicia.

As modified, the judgment is affirmed.