Filed 12/9/13  P. v. Williams CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN WILLIAMS,<br><br>    Defendant and Appellant. | H039187<br>(Santa Clara County<br>Super. Ct. No. C1117755) |

Steven Williams pleaded no contest to a felony violation of former Penal Code section 245, subdivision (a)(1), assault by means of force likely to produce great bodily injury.  The incident apparently occurred outside a San Jose club or bar.  The trial court granted probation on specified terms and conditions.  On appeal, defendant Williams challenges only the following probation condition: "You shall not have any contact with [the named victim]."

Defendant Williams argues that the probation condition is unconstitutional on its face because it lacks an express knowledge requirement.  Defendant suggests that he might not recognize the victim and unknowingly have contact with the victim by, for

example, accidently bumping into the victim on the street.[1]  He also hypothesizes that the victim might seek contact with him.

The People do not agree that a knowledge requirement must be added.  They also urge this court to adopt the approach taken by the Third District Court of Appeal in *People v. Patel* (2011) 196 Cal.App.4th 956.  They suggest that, like the Third District, this District should automatically imply a knowledge requirement in every probation condition and, thereby, eliminate the need for explicit modification.  In *Patel*, the appellate court announced that henceforth it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" and it would "no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement."  (*Id*. at pp. 960-961, fn. omitted.)

We find it unnecessary to expressly add a knowledge requirement to the challenged probation condition or to imply such a requirement.  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  (*People v. Reinertson* (1986) 178 Cal.App.3d at pp. 324-325 . . . .)"  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  (*People v. Castenada* (2000) 23 Cal.4th 743, 751 . . . .)  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid*.), protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S.

---

[1]     Defendant does not question the use of the word "contact," which presumably includes any type of communication directed at the victim and physical touching.  (See New Oxford American Dictionary (3d ed. 2011) <http://www.oxfordreference.com/view/10.1093/acref/9780195392883.001.0001/m_en_ us1235578?rskey=eQ7xnR&result=6 > [as of Sept. 29, 2013].)

Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid*.)  The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " [Citations.]' (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115 . . . (*Acuna*).)  A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' (*Id*. at p. 1116 . . . .)  In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific context,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' (*Id*. at pp. 1116-1117. . . , italics in original.)" (*Sheena K., supra,* 40 Cal.4th at p. 890.)

In *Sheena K., supra,* 40 Cal.4th 875, a probation condition prohibiting association with "anyone disapproved of by probation" was challenged on vagueness grounds.  (*Id.* at pp. 878, 889.)  The court observed that "the probation condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer."  (*Id*. at pp. 891-892.)  The Supreme Court determined that the probation condition was unconstitutionally vague "in the absence of an express requirement of knowledge."  (*Id.* at p. 891.)

The Supreme Court approved the appellate court's modification of the condition "to require that defendant refrain from associating with anyone whom *she knew* was disapproved of by her probation officer" (*id*. at p. 880).  (*Id.* at pp. 891-892.)  It found that the addition of the "qualification that defendant have knowledge of who was disapproved of by her probation officer" "secur[ed] the constitutional validity of the probation condition."  (*Id*. at p. 892.)  The court further stated: "In the interest of forestalling future claims identical to defendant's based upon the same language, we

3

suggest that form probation orders be modified so that such a restriction explicitly directs the probationer not to associate with anyone 'known to be disapproved of' by a probation officer or other person having authority over the minor." (*Id.* at p. 892.)

In the present case, one of the People's arguments is that it is unnecessary to add a knowledge requirement to defendant's probation condition because it prohibits him from contacting a specific individual, not a class of people. We think this distinction is dispositive.

The probation condition at issue in this case does not suffer from the same deficiency addressed in *Sheena K.* The challenged "no contact" condition does *not* describe a general, prohibited class of people (e.g. persons who are disapproved by a probation officer or gang members). A prohibited class might include, unbeknownst to the probationer, a particular person as a member and, therefore, the probationer might lack notice that he was required to avoid contact with that person. In contrast, in this case, the probation condition specifically names the one victim with whom defendant must have no contact.

Defendant asserts that the victim was a stranger to him and suggests that "quite a lot of contact between the two might occur without [defendant] ever realizing" that the other person was the victim.[2] We do not consider the underlying facts in a facial constitutional challenge to a probation condition. (See *In re Sheena K.*, *supra*, 40 Cal.4th at pp. 885-889.) Further, the reasonableness of the condition[3] and its constitutional

_____

[2] Defendant was present at the preliminary hearing at which the victim testified. At the plea hearing, it was understood that defendant was a resident of Ohio and he would be returning to that state and living there during the probationary period. It is unclear whether, under the circumstances, it is possible that defendant might not recognize the named victim in the future or they might have an accidental encounter.

[3] "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related

4

adequacy with reference to the facts are not issues preserved for review absent a timely and specific objection at the time of sentencing. (*People v. Welch* (1993) 5 Cal.4th 228, 237; *In re Sheena K.*, *supra*, 40 Cal.4th at pp.881-883, 889.) We reject defendant's argument that the probation condition does not, on its face, afford him adequate notice of the person with whom he is prohibited from having contact.

As to the People's request that we adopt the Third District's approach in *Patel*, we again reject it as we have in other cases. The Court of Appeal, Fourth District, Division Three, declined to follow *Patel*, stating that "the superior court should revise its standard probation conditions form to meet constitutional requirements." (*People v. Moses* (2011) 199 Cal.App.4th 374, 381.) The Court of Appeal, Second District, Division Three, also concluded that it was more appropriate to modify probation conditions on a case-by-case basis and did not adopt the *Patel* approach. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1188, fn. 7.) This court has likewise declined to adopt the *Patel* approach. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351.) It is the superior court's duty to fashion appropriate probation conditions and it is our role as an appellate court to review challenged probation conditions and remedy, if we can, any facial constitutional defect. This case stands as a good example why separate consideration of each individual case is the correct approach. Accordingly, we will continue to individually consider probation conditions challenged on appeal.

DISPOSITION

The judgment is affirmed.

---

to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, italics added, fn. omitted.)

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

6