Filed 7/24/14  P. v. Bowman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040058 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS130952) |
| v. | |
| SCARLETT CHARMINE BOWMAN, | |
| Defendant and Appellant. | |

## I.     INTRODUCTION

Defendant Scarlett Charmine Bowman appeals after pleading no contest to transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a)).  She was placed on Proposition 36 probation (Pen. Code, § 1210.1) for 18 months.

On appeal, defendant challenges a probation condition that requires her not to use, purchase, or possess alcoholic beverages and to stay out of places where alcohol is the main item of sale.  She also challenges a probation condition that requires her not to use or possess narcotics, intoxicants, drugs, or other controlled substances without a prescription.  Defendant contends these probation conditions are vague and overbroad because they do not include a knowledge element.  We will modify the challenged probation conditions and affirm the judgment as modified.

## II.    BACKGROUND

On May 11, 2013, defendant was the passenger in a vehicle that was stopped by police for parking violations.  Defendant, who was on probation, had a bindle of methamphetamine on her person.

Defendant was charged with transporting a controlled substance (count 1; Health & Saf. Code, § 11379, subd. (a)) and possession of a controlled substance (count 2; Health & Saf. Code, § 11377, subd. (a)).  On June 11, 2013, defendant pleaded no contest to count 1 "for personal use."  On July 11, 2013, the trial court placed defendant on Proposition 36 probation for 18 months.

The trial court imposed a number of probation conditions, including the following:

"Totally abstain from the use of alcoholic beverages, not purchase or possess alcoholic beverages, and stay out of places when it is the main item of sale."

"Not use or possess alcohol/narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in narcotics or other controlled substances."

## III.    DISCUSSION

Defendant contends the probation conditions regarding alcohol and controlled substances are unconstitutionally vague and overbroad because they do not include a knowledge element.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]  A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.  [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

2

In *Sheena K.*, the California Supreme Court considered a probation condition requiring the defendant not " 'associate with anyone disapproved of by probation.' " (*Sheena K., supra,* 40 Cal.4th at p. 880.)  The court held "that in the absence of an express requirement of knowledge," the probation condition was unconstitutionally vague because it "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.)

Appellate courts have held that a knowledge element was required in numerous other probation conditions.  For instance, in *People v. Pirali* (2013) 217 Cal.App.4th 1341 (*Pirali*), this court held that a knowledge element was required in a probation condition that prohibited the defendant from having access to the Internet.  (*Id.* at p. 1350.)  In *People v. Moses* (2011) 199 Cal.App.4th 374 (*Moses*), the court accepted the Attorney General's concession that a knowledge element should be added to probation conditions barring the defendant from owning, using, or possessing any form of sexually explicit material and from "frequent[ing] any establishment where such items are viewed or sold." (*Id.* at p. 377.)  In *In re Victor L.* (2010) 182 Cal.App.4th 902, the court held that a knowledge element was required in a probation condition prohibiting the defendant from " 'remain[ing] in any building, vehicle or in the presence of any person where dangerous or deadly weapons or firearms or ammunition exist.' " (*Id.* at p. 912.)  And, in *People v. Freitas* (2009) 179 Cal.App.4th 747, the court held that a knowledge element was required in probation conditions regarding possession of firearms and stolen property.  (*Id.* at pp. 751-752; but see *People v. Kim* (2011) 193 Cal.App.4th 836, 847 [probation condition prohibiting possession of firearms and ammunition, which explicitly referenced underlying statutes, did not need to include an explicit knowledge requirement].)

The Attorney General asserts that it is unnecessary to include a knowledge requirement in the challenged probation conditions.  The Attorney General cites to

3

*People v. Cervantes* (2009) 175 Cal.App.4th 291 at page 295, where the court noted, "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citation.]" The Attorney General invites this court to adopt the approach of the Third District Court of Appeal in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). In *Patel*, the Third District considered whether a probation condition ordering that the defendant not drink alcohol, possess it, or be in a place where it was the chief item of sale was invalid because it lacked a knowledge requirement. (*Id.* at p. 959.) The court expressed its frustration with the "dismaying regularity" with which "we still must revisit the issue in orders of probation" that do not include a qualification that the defendant must commit the proscribed conduct knowingly. (*Id.* at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*ibid.*), the *Patel* court announced that it would "no longer entertain this issue on appeal" (*ibid.*) and, moving forward, it would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly" (*ibid.*), without modifying a probation order that "fails to expressly include such a scienter requirement" (*id.* at pp. 960-961). The Attorney General acknowledges that a number of Courts of Appeal— including this court—have declined to adopt the *Patel* approach. (See *Pirali, supra,* 217 Cal.App.4th at p. 1351 ["Until our Supreme Court rules differently, we will follow its lead on this point."]; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1188, fn. 7; *Moses, supra,* 199 Cal.App.4th at p. 381.)

We agree with defendant that a knowledge element should be added to the first challenged probation condition, which states: "Totally abstain from the use of alcoholic beverages, not purchase or possess alcoholic beverages, and stay out of places when it is the main item of sale." The conduct affected by this condition is "not in itself criminal,"

4

and the condition does not "arise from or purport to implement any statutory prohibition." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 592 (*Rodriguez*).) We will modify the condition to read as follows: "Totally abstain from the use of beverages you know or reasonably should know to be alcoholic; do not purchase or possess any beverage you know or reasonably should know to be alcoholic; stay out of places where you know or reasonably should know that alcohol is the main item of sale."

We also agree with defendant that a knowledge element should be added to the second challenged probation condition, which states: "Not use or possess alcohol/narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in narcotics or other controlled substances." Our conclusion comports with *Rodriguez, supra,* 222 Cal.App.4th 578, in which this court addressed a nearly identical condition. While this court found that a scienter element was "reasonably implicit in the condition" to the extent it reinforced the defendant's obligations under California's Uniform Controlled Substances Act, we determined that a knowledge element was required because the condition was "not limited to substances regulated by statute." (*Id.* at pp. 593, 594.) In fact, the Attorney General agrees that "standing alone, the term intoxicants is unclear," and the Attorney General does not object to inclusion of a knowledge element as to that term. The Attorney General also suggests that we modify this probation condition to delete the reference to alcohol, "since the use or possession of alcoholic beverages is already covered" by the other probation condition. Thus, we will modify the condition to read as follows: "Not knowingly use or possess narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in narcotics or other controlled substances."

5

## IV.    DISPOSITION

The judgment is modified as follows:

The probation condition reading "Totally abstain from the use of alcoholic beverages, not purchase or possess alcoholic beverages, and stay out of places when it is the main item of sale" is modified to read as follows:  "Totally abstain from the use of beverages you know or reasonably should know to be alcoholic; do not purchase or possess any beverage you know or reasonably should know to be alcoholic; stay out of places where you know or reasonably should know that alcohol is the main item of sale."

The probation condition reading "Not use or possess alcohol/narcotics, intoxicants, drugs, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in narcotics or other controlled substances" is modified to read as follows:  "Not knowingly use or possess narcotics, intoxicants, drugs, or other controlled substances

without the prescription of a physician; not traffic in, or associate with persons you know to use or traffic in narcotics or other controlled substances."

As so modified the judgment (order of probation) is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.