Filed 6/30/15  In re Brian N. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re BRIAN N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN N.,<br><br>    Defendant and Appellant. | G049573<br><br>(Super. Ct. No. DL048530)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Cheryl L. Leininger, Judge.  Affirmed as modified.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Adrianne S. Denault and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant challenges two of the conditions of his probation as being unconstitutionally vague and overbroad. We agree the conditions must be modified to include an explicit knowledge requirement and recognize appellant's right of self-defense. In all other respects, we affirm the judgment.

FACTS AND PROCEDURAL BACKGROUND

Appellant and another juvenile physically assaulted a fellow student while he was walking home from school. They also stole the victim's cell phone during the attack. Following a contested hearing, the juvenile court found true allegations appellant committed second degree robbery and assault with force likely to cause great bodily injury. It then declared appellant a ward of the court, ordered him to serve 150 days in custody, and placed him on probation subject to various terms and conditions.

Among other things, the court told appellant, "You are not to possess weapons of any description including firearms (operable or inoperable), BB devices, dirks, daggers, knives of any description, nun chucks, and martial arts weaponry. You are not to possess ammunition or weapon replicas. You are not to involve yourself in activities in which weapons are used including but not limited to hunting and target shooting. You are not to remain in any vehicle wherein anyone possesses a weapon, ammunition or weapon replica." In addition, the court told appellant he was not allowed to "possess a beeper, pager, cellular phone or any other cordless or otherwise wireless communication device."

DISCUSSION

Appellant contends these conditions are vague and overbroad because they do not contain an explicit knowledge requirement and they do not allow him to possess a weapon in self-defense. We agree.

To survive a vagueness challenge, probation terms "'must be sufficiently precise for the probationer to know what is being required of him, and for the court to determine whether the condition has been violated.'" (*In re Sheena K.* (2007) 40 Cal.4th

2

875, 890.) "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have "'*reasonable* specificity.'" [Citation.]" (*Ibid*.) "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].)

The Attorney General does not dispute that, on their face, the subject probation conditions have no scienter requirement and could be violated if appellant unwittingly possessed one of the proscribed items. For example, if appellant carried a friend's backpack to school unaware it contained a knife or a cell phone, he would be in violation of probation. Although the state urges us to simply imply a knowledge requirement into the conditions, as some courts have done (see, e.g., *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 589-594; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1183-1189; *People v. Patel* (2011) 196 Cal.App.4th 956, 960), we will adhere to our standard practice of modifying the subject conditions to contain an express knowledge requirement. (*People v. Moses* (2011) 199 Cal.App.4th 374, 381, following *In re Sheena K., supra,* 40 Cal.4th at pp. 891-893; accord, *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351.) That is the best way to prevent arbitrary law enforcement and ensure probationers know what conduct is expected of them. (*Ibid*.)

Turning to the issue of self-defense, we must remember that while the government may legitimately restrict a probationer's constitutional rights, any such restriction must be "closely tailor[ed to] the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K., supra,* 40 Cal.4th at p. 890.) In this case, the obvious purpose of the condition prohibiting appellant from possessing a weapon is to protect public safety. However, that interest is not served

3

by precluding appellant from using a weapon in lawful self-defense. Therefore, we will modify appellant's probation to allow for this constitutionally-recognized defense. (See Cal. Const., art I, § 1.)

## DISPOSITION

The condition of appellant's probation regarding weaponry is modified to state that, except when justified by the laws of self-defense, appellant shall not knowingly possess any weapon, ammunition or weapon replica; participate in any activity in which he knows weapons are used; or remain in any vehicle if he knows a person therein has a weapon, ammunition or a weapon replica.

The probation condition regarding wireless devices is modified to state appellant shall not knowingly possess a beeper, pager, cellular phone or any other cordless or wireless communication device.

In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.


4