Filed 8/7/15  P. v. Endicott CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C077746 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF14575) |
| v. | |
| TIMOTHY EUGENE ENDICOTT, JR., | |
| Defendant and Appellant. | |

Defendant Timothy Eugene Endicott, Jr., pleaded no contest to unlawful sexual intercourse with a minor more than three years younger than himself (Pen. Code, § 261.5, subd. (c); unless otherwise stated, statutory references that follow are to the Penal Code) and furnishing marijuana to a minor (Health & Saf. Code, § 11361, subd. (b)), and was sentenced to three years' formal probation with certain conditions.  On appeal, defendant challenges a probation condition barring him from purchasing or possessing sexually explicit materials as unconstitutionally vague.  Defendant urges us to reconsider our

opinion in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*) and modify the condition to include a scienter requirement.  We decline to do so and affirm the judgment.

FACTS AND PROCEEDINGS

On September 23, 2014, a complaint was filed charging defendant, then 19 years old, with two counts of unlawful sexual intercourse with a minor more than three years younger than himself (§ 261.5, subd. (c)), and two counts of furnishing marijuana to a minor (Health & Saf. Code, § 11361, subd. (b)).

On October 1, 2014, defendant pleaded no contest to one count of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)) and one count of furnishing marijuana to a minor (Health & Saf. Code, § 11361, subd. (b)), in exchange for three years' probation and dismissal of the other counts.  As part of defendant's plea agreement, the parties also agreed that he would not be required to register as a sex offender (§ 290) and the prosecution would not file new charges relating to another alleged victim.

On October 27, 2014, the trial court accepted defendant's plea and placed him on formal probation for a period of three years subject to a number of terms and conditions. One of these conditions, condition 17, states:  "Do not own, use, or possess any form of sexually explicit movies, videos, materials, or devices unless recommended by a therapist or approved by the probation officer.  Do not visit or remain in any establishment where such items are the primary items viewed, or sold at such establishment, and do not utilize any sexually oriented telephone service."  Defendant did not object to condition 17 or any of the other conditions of probation.

DISCUSSION

I

*Forfeiture*

Preliminarily, the People argue that defendant's failure to challenge condition 17 has resulted in forfeiture of the issue.

Our Supreme Court has recognized that "a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction without reference to the particular sentencing record developed in the trial court *can* be said to present a pure question of law" and thus may be reviewed on appeal absent an objection in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*).)

Defendant's challenge to condition 17 raises a pure question of law that is capable of correction without reference to the particular sentencing record developed in the trial court. (*Sheena K., supra*, 40 Cal.4th at p. 887.) We therefore conclude that defendant has not forfeited his constitutional challenge to the facial validity of condition 17.

II

*Constitutional Challenge*

Defendant argues that condition 17 is unconstitutionally vague for failing to include "an express knowledge requirement." According to defendant, the condition should be modified to specify that he may not *knowingly* possess sexually explicit materials. The People contend, and we concur, that no such modification is necessary in light of our opinion in *Patel*.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on

3

the ground of vagueness." (*Ibid*.)  That is, the defendant must know in advance when he may be in violation of the condition.  "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]."  (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752.)

Defendant does not contend that the category of "sexually explicit movies, videos, materials or devices" is unconstitutionally vague.  He does not complain that he does not know what items he may possess.  (See *People v. Turner* (2007) 155 Cal.App.4th 1432, 1437 [prohibition on possession of " 'sexually stimulating/oriented material' " was not vague or overbroad]; but see *Moses* (2011) 199 Cal.App.4th 374, 376-377 [accepting the Attorney General's concession that same probation condition was unconstitutionally vague absent knowledge requirement].)  Instead, defendant envisions a situation where he might unwittingly possess sexually explicit materials or visit an establishment where such materials are viewed or sold.  He argues that condition 17 is unconstitutionally vague because it does not spell out the mental state that would result in a violation under such circumstances.  We addressed this issue in *Patel*.

In *Patel*, we considered a probation condition forbidding the defendant from drinking or possessing alcohol, or being in a place where alcohol was the chief item of sale.  (*Patel, supra*, 196 Cal.App.4th at p. 959.)  We concluded that the probation condition was invalid for lack of an express scienter requirement.  (*Ibid.*)  However, we lamented the "dismaying regularity" with which appellate courts must consider challenges to probation conditions lacking express scienter requirements.  (*Id.* at p. 960.)  We noted the "substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," and announced that we would "no longer entertain this issue on appeal, whether at the request of counsel or on our own initiative."  (*Ibid.*)  Instead, we held that we would "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be

4

undertaken knowingly." (*Ibid.*) Following our opinion in *Patel*, it is "no longer . . . necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id.* at pp. 960-961.)

We acknowledge a split of authority on the question whether probation conditions restricting a probationer's presence, possession, or association must include an express scienter requirement, but adhere to our view that scienter is implied. (*Patel, supra*, 196 Cal.App.4th at pp. 960-961; but see *Pirali* (2013) 217 Cal.App.4th 1341, 1351 [declining to follow *Patel* and choosing to modify probation conditions on a case-by-case basis to make knowledge requirement explicit]; *Moses, supra*, 199 Cal.App.4th at p. 381 [same].)

Condition 17, like the probation conditions in *Patel*, proscribes defendant's presence, possession, association, or similar action. (*Patel, supra*, 196 Cal.App.4th at p. 960.) Accordingly, we construe condition 17 to require that the proscribed conduct be undertaken knowingly. Thus, we need not modify condition 17 to add an express knowledge requirement because scienter is already implied.

DISPOSITION

The judgment and order of probation are affirmed.

                                                       _____HULL_____, Acting P. J.

We concur:

_____MAURO_____, J.

_____RENNER_____, J.

5