[No. C053409. Third Dist. Oct. 10, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MARC CHRISTOPHER TURNER, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III of the DISCUSSION.

## COUNSEL

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane Gillette and Michael P. Farrell, Assistant Attorneys General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—Defendant Marc Christopher Turner pled no contest to felony indecent exposure with a prior conviction for such an offense. (Pen. Code, § 314, subd. 1.)[1] The trial court suspended sentence and placed defendant on five years' formal probation subject to certain terms and conditions.

On appeal, defendant contends two of the probation conditions are unconstitutionally vague and overbroad, and the court was without the authority to impose a county penalty assessment (Gov. Code, § 76000). In the unpublished portion of the opinion, we shall strike the penalty assessment. In the published portion of the opinion, we shall modify the probation conditions and affirm the judgment as modified.

## BACKGROUND

The facts of defendant's offense are taken from the probation report. A three-year-old girl identified defendant as having exposed himself to her. Defendant had a prior conviction for indecent exposure to children (Pen. Code, § 314, subd. 1) and two federal convictions for receiving child pornography (18 U.S.C. § 2252(a)(2)).

The trial court imposed several special probation conditions, including condition No. 24, that defendant "[n]ot associate with persons under the age of 18 unless accompanied by an unrelated responsible adult"; and condition No. 30, that defendant "[n]ot possess any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patronize any places where such material or entertainment is available." Defendant did not object to the conditions.

## DISCUSSION

### I

Defendant contends the probation conditions prohibiting him from associating with persons under 18 and possessing sexually stimulating materials or patronizing places where the materials are available are unconstitutionally vague and overbroad.

---

[1] Defendant entered a conditional plea pursuant to *People v. West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].

The Attorney General asserts these claims are forfeited because defendant did not object to the probation conditions when they were imposed by the trial court. After respondent's brief was filed, the California Supreme Court rendered its decision in *In re Sheena K.* (2007) 40 Cal.4th 875 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*), resolving the forfeiture question.

In *Sheena K.*, the defendant, who was convicted of misdemeanor battery, challenged a probation condition as unconstitutionally overbroad and vague. The Supreme Court held the claims involved a pure question of law, easily remedied by modification of the condition, and therefore the defendant did not forfeit her claim by failing to object in the trial court. (*Sheena K., supra,* 40 Cal.4th at p. 888.)

*Sheena K.* is controlling. Appellant raises facial overbreadth and vagueness challenges to two probation conditions presenting pure questions of law. These claims are not forfeited by appellant's failure to raise them in the trial court.

## II

Defendant's claim centers on probation condition No. 24, that defendant "[n]ot associate with persons under the age of 18 unless accompanied by an unrelated responsible adult," and condition No. 30, that defendant "[n]ot possess any sexually stimulating/oriented material deemed inappropriate by the probation officer and/or patronize any places where such material or entertainment is available."

In *Sheena K.*, in considering the condition forbidding the minor from associating with " 'anyone disapproved of by probation,' " the Supreme Court reasoned that the underpinning of the vagueness challenge is the due process concept of " 'fair warning.' " (*Sheena K., supra,* 40 Cal.4th at pp. 889–890.) The vagueness doctrine "bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Id.* at p. 890.) In the absence of "an express requirement of knowledge," the probation condition in *Sheena K.* was unconstitutionally vague because it did not notify the appellant in advance with whom she was precluded from associating. (*Id.* at p. 891.)

While the Supreme Court in *Sheena K.* did not specifically decide whether the two conditions challenged here were unconstitutionally vague, the principles announced in that decision compel the conclusion that the conditions before us do not pass constitutional muster under the vagueness doctrine.

A person may reasonably not know whether he or she is associating with someone under the age of 18. Fair notice, as described in *Sheena K.*, is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them.

The condition regulating defendant's exposure to sexually oriented or stimulating material does not pass constitutional muster for similar reasons. The phrase "sexually stimulating/oriented material deemed inappropriate by the probation officer" is an inherently imprecise and subjective standard. It is not materially distinguishable from the probation condition in *Sheena K.* forbidding association with anyone disapproved of by the probation department. (See *Sheena K., supra,* 40 Cal.4th at p. 889.)

Defendant also contends the phrase "responsible unrelated adult" is unconstitutionally vague because it does not define who is a responsible adult and to whom that adult must be related. Given the purpose of the probation condition, protecting children from defendant, it is clear this phrase refers to an adult responsible for the minor with whom defendant wishes to associate. Once this is understood, it is equally clear that the responsible adult cannot be related to defendant.

We have the power to modify a probation condition to render the condition constitutional. (See *Sheena K., supra,* 40 Cal.4th at p. 892; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [113 Cal.Rptr.2d 466].) Probation condition No. 24 is modified to read: "Not associate with persons he knows or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant." Probation condition No. 30 is modified to read: "Not possess any sexually stimulating/oriented material having been informed by the probation officer that such material is inappropriate and/or patronize any places where such material or entertainment in the style of said material are known to be available."

These modifications also dispose of defendant's overbreadth contentions. Defendant recognizes that probation condition No. 24 is overbroad only if it does not include a knowledge element. Since we have modified the condition to include this requirement, the modified condition is not overbroad.

Defendant asserts that condition No. 30 is overbroad even if modified to include a knowledge element because "[t]here are many materials that exist in society that a person, including a probation officer, might consider sexually oriented." We disagree.

■ "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.) Defendant has two convictions for indecent exposure involving child victims and two federal convictions for possessing child pornography, giving the state a compelling interest in protecting children from him. (See *People v. Delvalle* (1994) 26 Cal.App.4th 869, 879 [31 Cal.Rptr.2d 725].)

Preventing the possession of sexually oriented materials by persons such as defendant promotes public safety and his rehabilitation and therefore is not overbroad. (See *U.S. v. Bee* (9th Cir. 1998) 162 F.3d 1232, 1234–1235 [probation condition that defendant " 'not possess any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patronize any place where such material or entertainment is available' " did not infringe on defendant's First Amendment rights].) Probation condition No. 30 is not overbroad as modified.

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order of probation is modified as follows: (1) the $35 county penalty assessment is stricken; (2) probation condition No. 24 is modified to state, "Not associate with persons he knows or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant"; and (3) probation condition No. 30 is modified to state, "Not possess any sexually stimulating/oriented material having been informed by the probation officer that such material is inappropriate and/or patronize any places where such material or entertainment in the style of said material is

---

*See footnote, *ante*, page 1432.

known to be available." Finally, the court is directed to forward a copy of the corrected order to the probation authorities. As modified, the judgment is affirmed.

Scotland, P. J., and Cantil-Sakauye, J., concurred.