Filed 5/2/14  In re F.M. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re F. M., a Person Coming Under the Juvenile Court Law. | H039667 (Santa Clara County Super. Ct. No. JV39443) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> F. M., <br><br> Defendant and Appellant. | |

## 1. INTRODUCTION

After a contested jurisdictional hearing, the juvenile court found that minor F. M. (Minor) had lewd contact with her younger brother involving force.  (Pen. Code, § 288, subd. (b)(1).)[1]  At the dispositional hearing, the court declared Minor a ward of the court, ordered out-of-home placement, and imposed a number of probation conditions as recommended in a supplemental probation report.

The only issue presented by this appeal is whether an express knowledge element should be added to the following probation condition:  "That said minor not be within her arm's reach of any minor twelve years of age or under in any non-public place unless she

---

[1] Unspecified section references are to the Penal Code.

is under competent adult supervision and is within the sight or hearing range of that adult." The Attorney General argues that no knowledge element is required, as a reasonable mistake about age is no defense to a section 288 charge. We would accept this argument if the probation condition was intended to reiterate section 288, but it instead regulates conduct that is not criminal. For the reasons stated below, we will conclude the condition should be modified to include a knowledge element and will affirm the dispositional order as so modified.

## 2. TRIAL COURT PROCEEDINGS

### A. JURISDICTIONAL HEARING

A wardship petition (Welf. & Inst. Code, § 602, subd. (a)) filed August 6, 2012, alleged Minor, a female born in 1997, had committed fornication (§ 285) in late 2011 and early 2012 with her biological younger brother before he turned 14. An amended petition filed March 5, 2013, alleged Minor had committed lewd conduct on a child under 14 by force or duress. (§ 288, subd. (b)(1).)

Evidence was presented during a three-day jurisdictional hearing in March 2013 that Minor and her brother, who is younger by sixteen months, had sexual intercourse three times, ending either in the summer of 2011 (according to the brother's trial testimony), or three to four weeks before his February 8, 2012 interview by San Jose Police Detective John Lynch (according to what he told the detective). Minor's mother explained that Minor had come from Mexico to live with them in the middle of 2011.

Minor's brother told Detective Lynch and the court they had sexual intercourse three times. At trial he explained it first occurred in his bedroom. They had been watching television on his bed and started hugging. They removed their clothes. It was the first time he had sex. It lasted less than a minute. He pulled his penis out of her vagina before he ejaculated. They did not talk about what happened.

The second time took place in their mother's bed. At Minor's request, he used a condom he had obtained from a community center.

The third time was again on his bed. Minor's brother said Minor woke him up from a nap to discover his hands were tied behind his back with a sock. He complained about his hands being tied, but she smiled and ignored his request to untie him. She removed his shorts and sat on his penis. She got off when he said he was about to ejaculate.

After this occasion he told her they should stop having sex. The police came to talk to him at school. He was worried they were going to talk to him about getting Minor pregnant. He knew it was bad to have sex with family members. He wanted to have sex because he was curious.

Minor used to cut herself with knives, so her brother tried to hide knives from her at home. Minor's brother told Detective Lynch he had sex with Minor because she had threatened, if he refused, to hurt herself with a knife that she was holding on each occasion. At trial, Minor's brother said he had lied to the detective about these threats because he was worried about his mother getting into trouble. Minor did not threaten to hurt herself before they had sex. Minor's brother said at trial that he did not remember many details of the incidents. He admitted he was embarrassed to talk about this conduct with adults.

Minor's counsel conceded there had been lewd touching in violation of section 288, subdivision (a), but asserted there was no force or duress involved, even when his hands were tied. The court took the matter under submission and, on March 13, 2013, found a violation of section 288, subdivision (b)(1). The court had a reasonable doubt that the first two occasions of intercourse involved force or duress, but found that the third occasion involved "force beyond what was necessary to commit the act."

**B. DISPOSITIONAL HEARING**

A probation report dated April 15, 2013, indicated Minor was born when her mother was 16 or 17 years old and her father was 22 years older than her mother. Her father was physically abusive to her mother. Minor's parents separated when she was

four years old, with her father moving to Mexico with her, so she did not grow up with her brother. After her father died when she was eight years old, she was raised by her aunt in Mexico, where she was physically and sexually abused by two uncles and her godfather.

A supplemental probation report filed April 23, 2013 recommended a number of probation conditions, including:

"19. That said minor not be within her arm's reach of any minor twelve years of age or under in any non-public place unless she is under competent adult supervision and is within the sight or hearing range of that adult.

"20. That said minor shall not annoy, harass, threaten, sexually assault, batter, or otherwise disturb the peace of [her brother]."

At the dispositional hearing on April 23, 2013, Minor's counsel waived reading of the terms and conditions of probation on the record and objected to condition 19 as vague and irrelevant. She asserted that condition 20 about not harassing her brother sufficiently covered the situation. The probation officer asserted condition 19 was standard for a section 288 offense.

The court ruled, "It is pretty much a standard so I don't really see the vagueness in it because I think there is a nexus[.] I think the language is clear that she's just not to be around minors within an arm's length without adult supervision. So I'm going to allow that to remain." The court adopted the conditions as proposed in the probation report.

### 3. ANALYSIS

#### A. STANDARD OF REVIEW

The Attorney General asserts appellate courts review probation conditions for an abuse of discretion. Actually, we review challenges to the reasonableness of conditions for an abuse of discretion if the issue was raised in the trial court. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 585 (*Rodriguez*).) However, a trial court has no discretion to impose an unconstitutionally vague probation condition. "If the vagueness of a

probation condition may be corrected 'without reference to the particular sentencing record developed in the trial court' [citation], an issue of law arises subject to de novo review on appeal." (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172 (*Mendez*).)

## B.  KNOWLEDGE MUST BE ADDED TO CONDITION 19

On appeal Minor contends the challenged probation condition is unconstitutionally vague without a knowledge requirement.  The Attorney General asserts alternatively that no knowledge requirement is necessary or, if we conclude otherwise, the condition should describe what Minor knows or reasonably should know.  Minor responds that a constructive knowledge requirement will not solve the constitutional problem.

This court has often considered whether various probation conditions restricting association require an explicit knowledge element to avoid vagueness.  (*Rodriguez*, *supra*, 222 Cal.App.4th 578, 594-595 [requiring avoidance of victim]; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [prohibiting association with persons known or suspected to be gang members, drug users, paroles, or probationers] ; *People v. Leon* (2010) 181 Cal.App.4th 943, 949-950 [prohibiting association with gang members] (*Leon*) .)  We have also considered precedent involving association conditions in vagueness challenges to other kinds of probation conditions.  (E.g., *People v. Kim* (2011) 193 Cal.App.4th 836, 843-844.)

*Rodriguez* stated several principles applicable to the issue raised here.[2]  "Probation conditions may be classified according to their purposes.  Some reinforce the requirements of penal statutes the probationer may be especially at risk of violating.  Others are intended to keep the probationer away from situations likely to lead to criminal conduct." (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 590.)

---

[2] *Rodriguez* did not become final until after the reply brief was filed in this case, so we can understand why it was not cited in the briefs.  Minor relies on *Leon* instead.

Section 288, subdivision (a) proscribes "willfully and lewdly commit[ting] any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child … ."

A probation condition requiring the probationer to keep minors under the age of 12 out of her reach is not designed solely to implement the prohibitions of section 288. The condition does not include the specific intent described in the statute and is not limited to physical contact.  It is apparent the challenged condition regulates conduct not itself criminal in order to prevent Minor from taking the next criminal step, namely a lewd touch.

The Attorney General correctly observes that a reasonable mistake about age is no defense to a section 288 charge under *People v. Olsen* (1984) 36 Cal.3d 638 due to "a strong public policy to protect children of tender years."  (*Id.* at p. 646.)  The Attorney General argues the same policy applies to the challenged condition.

If the probation condition reflected an intent to incorporate or implement the proscriptions of section 288, we would give the same words and phrases their establishing statutory meanings.  (*Rodriguez*, *supra*, 222 Cal.App.4th 578, 591.) However, there is no statutory analogue of the challenged condition.  We are aware of no penal statute prohibiting proximity to minors under 12.  When a probation condition affects "constitutionally protected conduct not in itself criminal" (*id.* at p. 592), it " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated … .' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)  The strong public policy of protecting children against sexual contact does not extend to every form of physical contact and mere proximity.  Minor should not be subject to strict liability for violating probation by coming too close to a child under 12 who appears older.  "It is established that, when a

probation condition restricts the right of association by requiring avoidance of persons based on some status that may not be readily apparent (e.g., probationer, parolee, gang member, drug user, minor), the condition requires an explicit mental element. (*People v. Kim*[, *supra*,] 193 Cal.App.4th 836, 845, and cases there cited.)" (*Rodriguez*, *supra*, 222 Cal.App.4th 578, 587.)

In *People v. Turner* (2007) 155 Cal.App.4th 1432 (*Turner*), a probationer who was convicted of indecent exposure (*id.* at p. 1434) challenged two probation conditions, including one prohibiting him from associating "'with persons under the age of 18 unless accompanied by an unrelated responsible adult.'" (*Ibid.*) The appellate court reasoned: "A person may reasonably not know whether he or she is associating with someone under the age of 18. Fair notice, as described in *Sheena K.,* is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them." (*Id.* at p. 1436.) The court modified the condition to provide "'Not associate with persons he knows, or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant.'" (*Id.* at p. 1437.)

In *People v. Moses* (2011) 199 Cal.App.4th 374 (*Moses*), a probationer who was convicted of violating section 288, subdivision (a), challenged a number of probation conditions, including limitations on whom he could date or live with. (*Id.* at pp. 375-376.) The Attorney General in that case conceded a knowledge requirement should be added to age-specific probation conditions. (*Id.* at p. 378.) The appellate court struck one condition as violating the constitutional right to marry (*id.* at pp. 378-379) and modified other conditions to refer to "'any person you know or reasonably should know to be under the age of 18 …'" and "'anyone who you know or reasonably should know has children under the age of 18 … .'" (*Id.* at p. 382.)

In *People v. Mendez* (2013) 221 Cal.App.4th 1167 this court relied on *Turner* and *Moses* and other authority to conclude that the mental element of probation conditions

need not be limited to actual knowledge. "[L]anguage allowing either actual or constructive knowledge is constitutionally clear." (*Id.* at p. 1170.)

The Attorney General argues the condition is narrowly tailored to Minor's crime, but Minor's complaint is that the condition is vague, not overbroad. We are concerned here with the constitutional clarity of the condition, not its reasonableness or overbreadth.

## 4. DISPOSITION

The challenged probation condition must be modified to state: "That said minor not be within her arm's reach of any minor *she knows or reasonably should know is* twelve years of age or under in any non-public place unless she is under competent adult supervision and is within the sight or hearing range of that adult." As so modified, the dispositional order is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.