[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12545
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00012-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE LAVON BIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 28, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Steve Lavon Biggins appeals his special condition of supervised release prohibiting him from possessing or viewing depictions of "adults in the nude and/ or engaged in sexual activity," imposed after being found guilty at trial of one

count of interstate transportation of a minor for prohibited sexual activity, in violation of 18 U.S.C. § 2423(a); one count of production of child pornography, in violation of 18 U.S.C. § 2251(a), (e); and one count of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b).  On appeal, Biggins argues that the condition as a whole as well as the specific ban on adult nudity are not reasonably related to the 18 U.S.C. § 3553(a) factors and entail a greater deprivation of liberty than reasonably required for deterrence, protection, and rehabilitation.  After careful review, we affirm in part, and vacate and remand in part.

We review the imposition of special conditions of supervised release for abuse of discretion.  United States v. Taylor, 338 F.3d 1280, 1283 (11th Cir. 2003).[1]  We will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached.  Id.

---

[1] As for the claim that plain error applies here, we disagree.  In United States v. Carpenter, 803 F.3d 1224, 1238 (11th Cir. 2015), we applied plain error review to a challenge to a special condition prohibiting depictions of adults engaged in sexually explicit conduct because the defendant had never once expressly objected to the condition, either in objections to the PSI, in a sentencing memorandum, or at the sentencing hearing.  Here, however, Biggins expressly objected in his sentencing memorandum to the special condition concerning "legal adult nude photography or pornography" as "excessive" and "beyond necessary to accomplish the sentencing goals."  While it is true that Biggins did not argue this issue at the sentencing hearing, the transcript suggests that his counsel did not have an opportunity to do so because the hearing abruptly ended after counsel raised his first concern about the sentence.  On this record, we think the issue was sufficiently preserved for appeal.  See, e.g., United States v. Candelario, 240 F.3d 1300, 1304–05 (11th Cir. 2001) (citing, with approval, a circuit court decision "reviewing the defendant's sentence under preserved error review where the defendant argued in his sentencing memorandum that the amount of drugs for which he was to be sentenced had to be pleaded in the indictment and found by the jury beyond a reasonable doubt" (quotation omitted)).

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)-(3); see 18 U.S.C. § 3553(a)(1), (2)(B)-(D). It is not necessary for a special condition to be supported by each relevant § 3553(a) factor; rather, each factor is an independent consideration to be weighed. United States v. Tome, 611 F.3d 1371, 1376 (11th Cir. 2010). While a condition of supervised release "should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." Id. (quotation omitted).

We will vacate a condition of supervised release if it is so vague and broad that a court could not determine if it meets the statutory requirements. See United States v. Ridgeway, 319 F.3d 1313, 1316-17 (11th Cir. 2003). In Ridgeway, a defendant convicted of possessing an unregistered firearm was ordered as a condition of supervised release to "refrain from conduct or activities which would

3

give reasonable cause to believe [he has] violated any criminal law." Id. at 1314. We vacated the condition because it proscribed a range of behavior so broad as to be inherently vague, such that a court could not reasonably determine if it met the requirements of being reasonably related to the sentencing factors or entailing no greater deprivation of liberty than necessary. Id. at 1316-17.

However, we will uphold conditions that relate to the sentencing factors where the prohibited activity is central to the defendant's offense. See Taylor, 338 F.3d at 1284-85. In Taylor, we upheld a special condition prohibiting a defendant, who was convicted of using the internet to transmit information about a minor with the intent to encourage others to engage in criminal sexual activity with the minor, from using or possessing a computer with internet access. Id. at 1285-86. The defendant argued the special condition was unreasonable and overbroad, impinging on his right to use computers for legitimate purposes. Id. at 1285. We concluded that the district court did not abuse its discretion in imposing the condition because the defendant's crime was not merely enabled by the internet, but rather the internet was the very tool he used to commit the crime, capitalizing on its effectiveness as a means of reaching pedophiles. Id.

Moreover, whether the defendant's offense or history involves pornography is a relevant consideration in imposing conditions that bar access to sexually explicit material. See Carpenter, 803 F.3d 1224, 1240 (11th Cir. 2015). In

4

Carpenter, a possession of child pornography case, we held that the district court did not plainly err by imposing as a supervised release condition that the defendant not access "depictions of . . . adults engaged in sexually explicit conduct."  Id. at 1230, 1239-40.  In so doing, we cited cases from other circuits where similar conditions had been upheld.  See id. at 1240 (citing United States v. Rearden, 349 F.3d 608, 620 (9th Cir. 2003) (holding that a ban on a defendant's possession of materials depicting sexually explicit conduct was not plain error because the condition furthered the goals of rehabilitation and protecting the public, and the phrase "sexually explicit conduct" was neither vague nor overbroad); United States v. Ristine, 335 F.3d 692, 694-95 (8th Cir. 2003) (upholding a pornography ban that was "appropriately tailored to serve its dual purposes of promoting [the defendant's] rehabilitation and protecting children from exploitation.")).

However, several circuits have disapproved of conditions of supervised release that prohibited the viewing of all depictions of adult nudity.  See, e.g., United States v. Gnirke, 775 F.3d 1155, 1163-65 (9th Cir. 2015) (limiting a condition that barred viewing non-pornographic depictions of adults, as well as patronizing places where those depictions were available because the breadth of the condition made it more likely the defendant would unwittingly violate it by carrying on everyday activities); United States v. Siegel, 753 F.3d 705, 712-13 (7th Cir. 2014) (striking down a condition barring material containing nudity as

overbroad and suggesting the condition be rephrased as "material that depicts nudity in a prurient or sexually arousing manner"); United States v. Simons, 614 F.3d 475, 483, 485 (8th Cir. 2010) (vacating a condition barring material containing nudity because it involved a greater deprivation of liberty than reasonably necessary and would prohibit the defendant from viewing a biology textbook or works of art, instead of simply limiting access to pornography if that was the court's intent).

First, we are unpersuaded by Biggins's challenge to the special condition of supervised release prohibiting him from possessing or viewing depictions of adults engaged in sexual activity. Biggins was convicted of producing and transporting child pornography; far from being devoid of mentions of using or abusing pornography, the record here revolves around its production and use. In other words, the use of pornography was not merely incidental to Biggins's crimes but central to them. See Carpenter, 803 F.3d at 1240; Taylor, 338 F.3d at 1284-85. Thus, as the record makes clear, the ban is reasonably related to the nature and circumstances of the offense, the need to protect the public, and the need to rehabilitate the defendant. See 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), (2)(C)-(D).

Nor does the condition deprive Biggins of more liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation. See 18 U.S.C. §§ 3583(d)(2), 3553(a)(2)(B)-(D). This portion of

the supervised release condition is limited to prohibiting Biggins's possession or viewing of adults engaged in sexual activity and it is not so vague that a court could not determine if it meets the statutory requirements. See Ridgeway, 319 F.3d at 1316-17. Therefore, the district court did not abuse its discretion in imposing this portion of the condition.

We are persuaded, however, by Biggins's challenge to the special condition prohibiting him from possessing or viewing depictions of "adults in the nude." The government says that the specific restriction on adult nudity is reasonably related to the § 3553(a) factors here, because he used two nude pictures of himself to entice the minor victim into an illegal sexual relationship. The government also relies on two child pornography cases where different kinds of conditions were upheld. In United States v. Zinn, 321 F.3d 1084 (11th Cir. 2003), we upheld limited restrictions on internet use by a defendant convicted of possessing child pornography, in light of the "strong link between child pornography and the Internet, and the need to protect the public, particularly children, from sex offenders." Id. at 1092. Similarly, in United States v. Moran, 573 F.3d 1132, 1139-40 (11th Cir. 2009), we held that typical conditions for sex offenders -- like internet restrictions, imposed mental health treatment, and child pornography bans -- were directly related to the defendant's history as a convicted sex offender.

The conditions in both of those cases, however, were more closely related to the sentencing factors than the all-nudity ban that was imposed here.  Indeed, we see little connection between a ban on viewing all depictions of adult nudity and the fact that Biggins sent two nude photos of <u>himself</u> months before the events of his offense.  Thus, we cannot say that the broad condition reasonably relates to the pertinent sentencing factors, as required by the supervised release statute.  <u>See</u> 18 U.S.C. § 3583(d)(1).

What's more, the nudity condition appears to involve a greater deprivation of liberty than is reasonably necessary for the purposes of deterrence, protection, and rehabilitation.  <u>See</u> <u>id</u>. §§ 3583(d)(2), 3553(a)(2)(B)-(D).  Unlike the portion of the condition banning depictions of adults engaged in sexual activity, the ban on all depictions of adults in the nude is overbroad and overly restrictive.  As our sister circuits have recognized, given the ubiquity of nudity in marketing and media, the breadth of the prohibition makes it more likely that Biggins will unwittingly violate the condition by carrying on everyday activities like shopping, watching television, visiting a museum, seeing a mainstream movie, or reading a mainstream magazine, biology textbook or art book.  <u>See, e.g.</u>, <u>Gnirke</u>, 775 F.3d at 1163, 1165; <u>Simons</u>, 614 F.3d at 483.  As a result, the special condition may impinge on Biggins's constitutionally protected right to view non-obscene materials that, taken as a whole, have serious literary, artistic, political, or scientific value.  <u>See</u> <u>Miller</u>

8

v. California, 413 U.S. 15, 24 (1973).  And while the government is correct that a condition of supervised release is not invalid simply because it affects a defendant's ability to exercise constitutionally protected rights, it is also true that the condition may not unduly restrict a defendant's liberty, which we believe the condition does in this instance.  Tome, 611 F.3d at 1376.

For these reasons, we are constrained to conclude that the district court abused its discretion in imposing the portion of the special condition banning all depictions of "adults in the nude."  On remand, we leave it to the sound discretion of the district court to determine whether it should strike this portion of the condition, or whether it should modify it so that it is more closely related to the sentencing factors at issue here and involves a lesser deprivation of liberty.  See, e.g., Siegel, 753 F.3d at 712-13 (suggesting that the phrase "contains nudity" be rephrased as "material that depicts nudity in a prurient or sexually arousing manner").

Accordingly, we affirm the portion of Biggins's special condition barring depictions of adults engaged in sexual activity, vacate the portion prohibiting depictions of adults in the nude, and remand for resentencing consistent with this opinion.

**AFFIRMED in part and VACATED and REMANDED in part.**