Filed 8/1/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br><br>MICHAEL GRUIS,<br><br>      Defendant and Appellant. | A165298<br><br>(San Mateo County<br>Super. Ct. No. 19-SF-010290-A) |

Defendant Michael Gruis pleaded no contest to one count of possession of child pornography (Pen. Code, § 311.11, subd. (a) (hereafter § 311.11(a))),[1] and the trial court suspended imposition of sentence and placed defendant on two years' probation, with one year in county jail.  On appeal, defendant challenges a condition of his probation prohibiting him from possessing pornographic materials, claiming the term "pornographic" is unconstitutionally vague.  He also contends the condition is overbroad because it infringes on his First Amendment right to view sexually oriented materials involving adults.  We agree the no-pornography condition is impermissibly vague as written.  Accordingly, we remand the matter with directions to the trial court to strike or modify the condition in light of this opinion.

---

[1]     Further unspecified section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, Menlo Park police officers responded to a domestic disturbance call from M.O.,[2] who told the officers she was dating defendant and had discovered nude pictures of her 13-year-old daughter, C.V., on one of his electronic devices. Officers obtained a search warrant and seized several of defendant's devices, including USB drives and a laptop computer. One of the USB drives contained 60 images and three video recordings of C.V. in various states of undress. According to Menlo Park Police Detective Josh Russell, the laptop's hard drive contained "over 500 still images and videos of [C.V.] or [C.V.'s] mother or her sister in their home, in the bedroom, and the bathroom, throughout the house in various stages of dress or undress."[3] A 17-minute video found on defendant's laptop contained explicit depictions of C.V. in the bathroom of the residence.

Defendant was charged by information with felony possession of child pornography (§ 311.11(a); count one) and disabling a telephone line (§ 591; count two). He pleaded no contest to count one in exchange for dismissal of count two and a maximum sentence of one year in county jail. The trial court suspended imposition of sentence, placed defendant on two years' probation, and ordered him to serve one year in county jail. As one of the conditions of probation, defendant was ordered as follows: "You may not possess any pornographic magazines, videos, pictures or written material or images unless prescribed by a therapist during the course of your treatment."

Defendant timely appealed.

---

[2]     Pursuant to California Rules of Court, rule 8.90, governing "Privacy in opinions," we anonymize the names of the victims and witnesses.

[3]     When asked at the preliminary hearing if there were "images of either the mother or the younger sister completely naked," Detective Russell testified there were not.

DISCUSSION

In granting probation, the trial court has broad discretion to impose conditions that foster rehabilitation and protect public safety, but that discretion is not boundless (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121), and a probation condition may be challenged as unconstitutionally vague and overbroad (*In re Sheena K.* (2007) 40 Cal.4th 875, 887 (*Sheena K.*)). Constitutional claims raising pure questions of law that can be resolved without reference to the facts developed in the trial court may be considered for the first time on appeal. (*Id.* at p. 889.) "[W]e review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

**A. Vagueness**

" ' "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " ' " (*In re D.H.* (2016) 4 Cal.App.5th 722, 727 (*D.H.*).) To withstand a vagueness challenge, a probation condition must be sufficiently precise for probationers to know what is required of them, and for the court to determine whether the condition has been violated. (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) In making this determination, courts are not limited to the condition's text and must consider other sources of applicable law, including judicial construction of similar provisions. (*People v. Hall* (2017) 2 Cal.5th 494, 499–501.) A claim of vagueness will be rejected if the language of the condition is susceptible of any reasonable and practical construction or

if its terms may be made reasonably certain by reference to other definable sources. (See *People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)

In *Sheena K.*, *supra*, 40 Cal.4th 875, the California Supreme Court reviewed a vagueness challenge to a probation condition, explaining the governing principles as follows. "The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific context,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "reasonable specificity." ' " (*Sheena K.*, at p. 890, italics omitted.) Applying these principles, the *Sheena K.* court found unconstitutionally vague a probation condition that the defendant " 'not associate with anyone disapproved of by probation.' " (*Sheena K.*, at p. 878, 891–892.)

There appears a general consensus among courts, including those upholding no-pornography conditions of probation or supervised release against constitutional challenges, that the terms "pornographic" and "pornography," standing by themselves, are subjective and vague. (See, e.g., *D.H.*, *supra*, 4 Cal.App.5th at pp. 728–729; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1353 (*Pirali*); accord, *United States v. Adkins* (7th Cir. 2014) 743 F.3d 176, 193–196; *Farrell v. Burke* (2d Cir. 2006) 449 F.3d 470,

4

490 (*Farrell*); *United States v. Simmons* (2d Cir. 2003) 343 F.3d 72, 81 (*Simmons*); *United States v. Guagliardo* (9th Cir. 2002) 278 F.3d 868, 872; *United States v. Loy* (3d Cir. 2001) 237 F.3d 251, 264–265 (*Loy*).) As one court observed, the term "pornography" could conceivably encompass many well-known works of artistic and cultural significance featuring nudity or sexually explicit material. (*Loy*, at p. 264.)

Here, the People acknowledge that the language of the instant no-pornography condition, without more, does not pass constitutional muster. Nonetheless, the People contend the vagueness problem could be cured by modifying the condition to prohibit only materials that a probation officer has informed defendant are pornographic. (See *Pirali*, *supra*, 217 Cal.App.4th at p. 1353 [probation condition modified to prohibit only materials as "informed by the probation officer"]; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 (*Turner*).) We disagree. A modification requiring a probationer "to know or to be informed in advance that materials are 'pornography' fails to address the term's *inherent* vagueness." (*D.H.*, *supra*, 4 Cal.App.5th at pp. 728–729.) Moreover, the suggested modification appears to "improperly delegate the determination of the 'nature of the prohibition' to the probation department." (*People v. Gonsalves* (2021) 66 Cal.App.5th 1, 8.)

The People next suggest utilizing the analysis in *Simmons*, *supra*, 343 F.3d 72, which involved a challenge to a prohibition against " 'any pornographic material' " as a special condition of supervised release. (*Simmons*, *supra*, 343 F.3d at p. 77.) *Simmons* started by acknowledging that, for purposes of evaluating artistic or cultural merit, the process for determining what material constitutes pornography was "subjective" and "heavily influenced by the individual, social, and cultural experience of the person making the determination." (*Id.* at p. 81.) *Simmons*, however, found

5

the lack of definitional clarity "significantly eliminated in the context of federal criminal law," which provides "considerable guidance" as to the meaning of pornography. (*Ibid.*)

In *Simmons*, the defendant had been convicted of child pornography under 18 United States Code section 2256(8), which features a definition of "the more general category of pornography" and other separate provisions narrowing the scope of the statute to child pornography specifically. (*Simmons*, *supra*, 343 F.3d at p. 82.) As *Simmons* noted, once the statutory references to minors are omitted, what remains is the following definition of the broader category of pornography: " 'any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct.' " (*Ibid.*) Further specificity, *Simmons* observed, is provided by the statute's definition of " 'sexually explicit conduct.' " (*Ibid.*) Thus, when viewed in relation to the statutory definition of pornography, the special condition "avoids reference to subjective standards and is sufficiently specific to give adequate notice as to what conduct violates a prohibition on pornographic material." (*Ibid.*)

In the case at bar, defendant was convicted under section 311.11(a), which prohibits the knowing possession or control of any matter, representation of information, data, or image (e.g., film, photograph, computer-generated image), "the production of which involves the use of a person under 18 years of age, knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct, as defined in [section 311.4(d)]." In turn, section 311.4(d) defines the term " 'sexual conduct' " as meaning "any of the following, whether actual or simulated:  sexual intercourse, oral copulation, anal intercourse, anal oral

6

copulation, masturbation, bestiality, sexual sadism, sexual masochism, penetration of the vagina or rectum by any object in a lewd or lascivious manner, exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer, any lewd or lascivious sexual act as defined in Section 288, or excretory functions performed in a lewd or lascivious manner, whether or not any of the above conduct is performed alone or between members of the same or opposite sex or between humans and animals. An act is simulated when it gives the appearance of being sexual conduct."

Here, the removal of section 311.11(a)'s references to "under 18 years of age" results in the term "pornographic" being defined as matter "depict[ing] a person . . . personally engaging in or simulating sexual conduct," meaning any of the acts enumerated in section 311.4(d) as quoted above. We accept that this approach yields a legal definition of the term that mostly "avoids reference to subjective standards." (*Simmons, supra,* 343 F.3d at p. 82.) But we are not convinced it sufficiently cures the vagueness problems raised in this case.

First, the probation condition here, as written, does not *actually* define pornographic matter by reference to sections 311.11(a) and 311.4(d). Absent specific reference to the statutory definition, the condition may be viewed as leaving room for probation officers, prosecutors, or courts to find a violation " ' "on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Sheena K., supra,* 40 Cal.4th at p. 890.)

Second, even if "pornographic" is defined with reference to the statute of conviction, the term can still be read to encompass works that depict even a single act of simulated adult sex, "however fleeting or veiled, and regardless of how insignificant it may be to the overall content of an art exhibit, play, or

movie." (*United States v. Gnirke* (9th Cir. 2015) 775 F.3d 1155, 1163.)
"Applied literally, the language of the condition would prevent [defendant]
from viewing Oscar-winning films like *American Beauty* and *Brokeback
Mountain*, television shows like *The Wire*, or sexually explicit works of art
that appear in museums." (*Id.* at p. 1165.) Although this court previously
upheld a probation condition that prohibited possession of materials having
" 'a primary purpose of causing sexual arousal' " against a vagueness
challenge (e.g., *In re David C.* (2020) 47 Cal.App.5th 657, 666–667 (*David
C.*)), the condition in question does not contain "primary purpose" or similar
language. Nor are we persuaded by the People's assertion that the
condition's placement of the word "pornographic" before its reference to
" 'magazines, videos, pictures or written materials or images' " necessarily
implies a "primary purpose" qualifier on the words that follow it.

Although we have the power to modify probation conditions to render
them constitutional (*Turner*, *supra*, 155 Cal.App.4th at p. 1436), we decline to
do so here. Instead, we remand the matter with directions to the trial court
to either strike the no-pornography condition or modify it consistent with the
views expressed in this opinion. In doing the latter, the court may consider
utilizing the *Simmons* approach in order to craft a nonsubjective definition of
"pornographic" based on sections 311.11(a) and 311.4(d), along with the
"primary purpose" or similar phrasing from *David C.* that would distinguish
the prohibited materials from those depicting sexual conduct but having
primarily literary, artistic, political, or scientific value.[4]

---

[4]     If the trial court elects to modify the no-pornography condition, the
court may also wish to clarify whether the condition extends not only to
defendant's possession but also to his control of any of the prohibited matters.
(See *Tecklenburg v. Appellate Division* (2009) 169 Cal.App.4th 1402, 1419
[upholding conviction under section 311.11(a) for knowingly possessing or

**B. Overbreadth**

Defendant additionally contends the no-pornography condition is not narrowly tailored to achieve the government's compelling interests in public safety and rehabilitation because nothing in the instant record "suggests that sexually explicit material involving only adults contributed to [his] offense." In light of our conclusion above that the condition must be vacated or revised by the trial court on remand, we need not reach the merits of defendant's overbreadth claim.[5] However, we offer the following discussion as guidance.

Nonobscene, sexually explicit materials involving adults generally "receive full First Amendment protection when in the possession of ordinary adults." (*Farrell, supra*, 449 F.3d at p. 497.) As the United States Supreme Court has long recognized, the First Amendment prohibits a state from telling people "what books [they] may read or what films [they] may watch" in the privacy of their own homes. (*Stanley v. Georgia* (1969) 394 U.S. 557, 565.) But "[i]nherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' " (*United States v. Knights* (2001) 534 U.S. 112, 119.)

---

controlling child pornography based on evidence that defendant used home and work computers to find, access, peruse, and manipulate display of sexually explicit images involving children].)

[5] Notably, to the extent defendant's overbreadth claim requires a review of the sentencing record developed in the trial court, it appears to be an as-applied challenge that defendant forfeited by failing to raise it below. (*Sheena K., supra*, 40 Cal.4th at p. 887; cf. *People v. Patton* (2019) 41 Cal.App.5th 934, 946 [facial claim of unconstitutionality means condition "cannot have *any* valid application, without relying on any facts in the sentencing record"].) That said, defendant remains free on remand to raise any overbreadth objections, facial or as-applied, to any modified version of the no-pornography condition.

Nonetheless, " '[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 384 (*Olguin*); see *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) In an overbreadth challenge, the critical inquiry is "the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

In cases involving sex crimes, including child pornography offenses, courts in California and elsewhere have rejected overbreadth challenges to conditions prohibiting the possession of sexually oriented or sexually stimulating materials featuring adults. (See, e.g., *Turner*, *supra*, 155 Cal.App.4th at pp. 1435, 1437 [defendant convicted of indecent exposure to children and possession of child pornography]; *United States v. Boston* (8th Cir. 2007) 494 F.3d 660, 663, 667–668 [defendant convicted of producing child pornography]; *United States v. Rearden* (9th Cir. 2003) 349 F.3d 608, 611, 619–620 (*Rearden*) [defendant convicted of shipping child pornography]; *United States v. Bee* (9th Cir. 1998) 162 F.3d 1232, 1234–1235 (*Bee*) [defendant convicted of sexual abuse of minor]; accord *In re Carlos C.* (2018) 19 Cal.App.5th 997, 1002 [noting, based on *Turner* and *Bee*, that conditions prohibiting possession of sexually arousing materials and similar language "have been upheld against constitutional overbreadth challenge by other courts"].) In such cases, the conditions were found to promote the interests of public safety and rehabilitation. (E.g., *Turner*, at p. 1437; *Rearden*, at pp. 619–620.) Although the overbreadth analyses in these cases are

somewhat abbreviated, they generally support the facial validity of probation conditions restricting individuals convicted of sex crimes involving children from accessing materials that would merely serve to provide sexual stimulation, thereby removing a potential trigger for arousal and sexually motivated conduct during the term of probation.

Other courts analyzing the issue, however, have stricken similar conditions in response to as-applied overbreadth challenges where the record failed to show a close relationship between the prohibition and the circumstances of the offender's crime. For example, in *United States v. Taylor* (7th Cir. 2015) 796 F.3d 788, a probation condition prohibited a defendant convicted of transferring obscene material to a person under 16 years of age from viewing " 'any form of pornography which contains adults.' " (*Id*. at p. 792.) The appellate court vacated that condition because the record contained no evidence that viewing adult pornography in any way led the defendant to commit that crime or would make the repeat of that crime or similar crimes more likely, and no finding by the district court of "any relationship between [the defendant's] viewing of adult pornography and the likelihood of recidivism." (*Id.* at p. 793; see also *United States v. Voelker* (3d Cir. 2007) 489 F.3d 139, 151 [vacating "unprecedented" lifetime ban on use and access to sexually explicit materials because "nothing on this record suggests that sexually explicit material involving only adults contributed in any way to Voelker's offense, nor is there any reason to believe that viewing such material would cause Voelker to reoffend"].)

In the event defendant raises an overbreadth challenge on remand (see fn. 5, *ante*), we encourage the trial court to carefully consider whether prohibiting defendant from possessing sexually stimulating materials involving adults is closely tailored to the interests of public safety and

11

defendant's rehabilitation. (*Olguin*, *supra*, 45 Cal.4th at p. 384; *Sheena K.*, *supra*, 40 Cal.4th at p. 890.) On the one hand, the closeness of the fit may very well depend on the available facts in the sentencing record developed below.[6] On the other hand, it is unclear how difficult it may be to craft a no-pornography condition that attempts to properly prohibit only certain sexually stimulating material involving adults, for example, pornographic material depicting "young-looking performers who appear as if they could be children but might, in fact, be adults" (*Free Speech Coal., Inc. v. Attorney General of the United States* (3d Cir. 2020) 974 F.3d 408, 413); pornography depicting grown adults role-playing in parent-child or teacher-student sexual relationships; or pornography depicting someone forcing sex upon a vulnerable target. We do not foreclose the possibility that upon review of the issue, the trial court may decide that "practical necessity will justify" a total ban on pornography during the term of probation. (*E.O.*, *supra*, 188 Cal.App.4th at p. 1153.) At the same time, we express no advance opinion on whether a total ban might survive an overbreadth challenge.

## DISPOSITION

The matter is remanded with directions for the trial court to strike or modify the no-pornography probation condition in a manner consistent with the views expressed in this opinion. Further, the trial court shall forward a copy of the modified order to the probation authorities.

---

[6]      For instance, the People's briefing points out in a footnote that the materials recovered from defendant's laptop included photographs of "an adult," referring presumably to M.O. Although the People describe these photographs categorically as "explicit," the record before us does not contain the images themselves or otherwise reflect whether or in what manner these images were sexually explicit so as to suggest defendant's consumption of such materials for purposes of sexual arousal. (See fn. 3, *ante*.)

12

_____

Fujisaki, Acting P. J.

WE CONCUR:


_____

Petrou, J.


_____

Rodríguez, J.

*People v. Gruis* (A165298)

13

Trial Court:        San Mateo County Superior Court

Trial Judge:        Hon. Susan L. Greenberg

Counsel:            Jeremy Price, under appointment by the Court of Appeal,
                        for Defendant and Appellant

                    Rob Bonta, Attorney General, Lance E. Winters, Chief
                        Assistant Attorney General, Jeffrey M. Laurence,
                        Assistant Attorney General, Alice B. Lustre and Lisa
                        Ashley Ott, Deputy Attorneys General, for Plaintiff and
                        Respondent