Filed 5/13/24  P. v. Guevara CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081252 |
| v. | (Super. Ct. No. RIF2202694) |
| MIGUEL ANGEL GUEVARA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified with directions.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Caelle McKaveney, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Defendant and appellant Miguel Angel Guevara, Jr. pleaded guilty to corporal injury resulting in a traumatic condition having suffered a prior conviction for the same offense (Pen Code,[1] § 273.5, subd. (f)(1)). He also admitted that he had personally inflicted great bodily injury upon the victim in the commission of the offense (§ 12022.7, subd. (e)). In return, defendant was placed on formal probation for a period of 36 months on various terms and conditions. On appeal, defendant contends (1) the probation condition requiring him to avoid direct or indirect contact with the victim is vague and overbroad and must be modified to include a scienter requirement, and (2) the probation conditions and minute order must be amended to conform to the trial court's oral pronouncement of judgment as to the court operation and conviction assessment fees. The People agree with defendant's contentions, as do we. Accordingly, we modify the no-contact probation condition to include a knowledge requirement and direct the clerk of the court to amend the minute order of the sentencing hearing and the probation conditions. In all other respects, we affirm the judgment.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

II.

FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant and V.G. had an on-and-off relationship for 15 years and shared a child together.  On June 5, 2022, defendant and V.G. were driving in a car when defendant injured V.G. during an argument.  When an officer responded to a potential domestic violence call, the officer noticed that V.G. had two bumps on the right side of her head, light bruising on her right hand, a minor contusion on her top lip, and a contusion or laceration above her teeth.  V.G.'s finger was fractured and she had a headache.

On March 10, 2023, defendant pleaded guilty to corporal injury resulting in a traumatic condition having suffered a prior conviction for the same offense (§ 273.5, subd. (f)(1)).  He also admitted that he had personally inflicted great bodily injury upon the victim in the commission of the offense (§ 12022.7, subd. (e)).  In return, the remaining allegation was dismissed, and on that same day, the trial court placed defendant on formal probation for a period of 36 months on various terms and conditions.  One of his conditions required defendant to not have "direct or indirect contact with (V.G.)."  Additionally, as mandated by the criminal protective order, defendant was to have no "contact indirect or otherwise with the person involved" by means of internet, texting, calling, driving, and must not come within 100 yards of the protected person.[3]

_____

[2] A summary of the factual background is taken from the preliminary hearing.

[3] More specifically, the protective order prohibited the following:  (1) personal, electronic, telephonic, or written contact with V.G.; (2) contact with V.G. through a third party, except an attorney of record; and (3) coming within 100 yards of V.G.

In addition, the trial court ordered defendant to pay "a 500 DV fund fine; a 300 restitution fine; a 300 probation revocation fine, stayed, stayed permanently upon successful completion of probation." After defense counsel requested a waiver of any fines and fees the court can waive based on defendant's inability to pay, the court permanently suspended any fines and fees, with the exception of restitution. Notably, the court did not orally impose the court operation assessment fee, the criminal conviction assessment fee, or any other fee. However, the court's sentencing order of the March 10, 2023 hearing includes an imposition of a $40 court operations assessment fee under section 1465.8 and a $30 criminal conviction assessment fee under Government Code section 70373. Defendant timely appealed.

## III.

## DISCUSSION

### A. *Probation Condition*

Defendant argues the probation condition ordering him to "'have no direct or indirect contact'" with V.G. is unconstitutionally vague and overbroad because it fails to include scienter and knowledge requirements. He worries that the condition as it stands "could be inadvertently violated through communication with a third party who conveyed the communication to V.G." Defendant thus believes the condition must be modified to prohibit him from having "'direct contact with V.G., or indirect contact through a third party with the intent or reasonable knowledge that the communication will be conveyed to V.G.'" The People agree that the condition should be modified to include a scienter

4

element that he not knowingly have direct or indirect contact with V.G. We accept the People's concession that the condition should be modified to incorporate a knowledge requirement and will modify the condition to incorporate an express knowledge requirement.

In general, trial courts are given broad discretion in fashioning terms of probation, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Urke* (2011) 197 Cal.App.4th 766, 774.) Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion. "As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances." (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.) However, constitutional challenges are reviewed under a different standard. Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) The failure to object below that a condition of probation is unconstitutionally vague or overbroad does not forfeit review of the issue on appeal, as it is a pure issue of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential

offenders.'" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*) "[O]nly reasonable specificity is required. [Citation.] Thus, a statute 'will not be held void for vagueness "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.""" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.)

As the People note, some appellate courts have held that a scienter requirement is implied in probation terms involving a defendant's presence or association and remand to change such term would therefore be unnecessary. (See e.g., *People v. Patel* (2011) 196 Cal.App.4th 956, 960-961, fn.4.) In that case, the court expressed its frustration with the "dismaying regularity" with which it had to revisit the issue of a lack of an express scienter requirement in orders of probation. (*Id*. at p. 960.) The court noted that since there existed a substantial uncontradicted body of case law establishing that a "probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," it would no longer entertain the issue on appeal. (*Ibid*.) The court stated that going forward, it would construe every such probation condition proscribing restrictions on presence, possession, association, or other actions, to require that the action be undertaken knowingly. (*Id*. at pp. 960-961.) Thus, it would no longer

6

be necessary to seek a modification of a probation order that failed to include a scienter requirement.  (*Ibid*.)

A number of the Courts of Appeal have declined to follow the rationale of *Patel*, including our colleagues in Division Three in *People v. Moses* (2011) 199 Cal.App.4th 374, 381, where the court chose to modify the probation conditions to include both actual and constructive knowledge requirements.  (See also *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 [modifying a condition to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them]; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modified probation conditions to include knowledge requirement]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103 [same].)  We too decline to follow the Third Appellate District's approach in *Patel*.  As noted in *People v. Pirali* (2013) 217 Cal.App.4th 1341, "[o]ur Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition and concluded that 'modification to impose an explicit knowledge requirement is necessary to render the condition constitutional.'  [Citation.]  Until our Supreme Court rules differently, we will follow its lead on this point."  (*Id*. at p. 1351; see *Sheena K*., *supra*, 40 Cal.4th at p. 892.)

Therefore, we will order the challenged condition modified to incorporate an express knowledge requirement.  The probation condition is modified to read: "Have no

7

knowing direct or indirect contact with V.G., including contact by phone, writing, computer, electronic device, or through another person, except an attorney of record, and not knowingly be within 100 yards of V.G."

B. *Correction of Court's Minute Order*

Defendant argues the sentencing minute order and the probation conditions must be amended to conform to the trial court's oral pronouncement of judgment concerning the court operation and conviction assessment fees. The People concede the sentencing order and probation conditions must be amended because these fees were not included in the court's oral pronouncement of judgment and the court waived any fines and fees based on defendant's inability to pay.

We agree with defendant, and accept the People's concession, that the March 10, 2023 sentencing order and defendant's probationary conditions must be amended to accurately comport with the trial court's oral pronouncement of judgment. "In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; see *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; the record of the oral pronouncement of the court controls over the clerk's minute order and abstract of judgment].)

8

Courts of Appeal "may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction [can] order[] correction of [minute orders and] abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "'If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment.'" (*People v. Clark* (2021) 67 Cal.App.5th 248, 261, quoting *People v. El* (2021) 65 Cal.App.5th 963, 967.)

Here, the record indicates that the trial court did not impose the court operations or conviction assessment fees during the oral pronouncement of judgment on March 10, 2023. Furthermore, after defense counsel specifically requested for fines and fees to be waived due to defendant's inability to pay, the court waived any fines and fees. While it is unclear which fees the court intended to waive, the court did not orally impose the court operations or conviction assessment fees. Accordingly, we will direct the trial court to issue amended probation conditions and a corrected minute order of the March 10, 2023 sentencing hearing correcting this clerical error by striking the court operation and criminal assessment fees. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 188; *People v. Sanchez* (2019) 38 Cal.App.5th 907, 922.)

9

IV.

DISPOSITION

The challenged no-contact probation condition is modified as follows: "Have no knowing direct or indirect contact with V.G., including contact by phone, writing, computer, electronic device, or through another person, except an attorney of record, and not knowingly be within 100 yards of V.G."

The trial court is directed to prepare amended probation conditions and sentencing minute order with respect to court operation and criminal assessment fees and the no-contact probation condition. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


RAPHAEL
J.